**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 18, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

YOOBANG KIM,

　　　　　Petitioner - Appellant,

v.

JAMES FALK, Warden of the Sterling
Correctional Facility; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

　　　　　Respondents - Appellees.

No. 13-1293
(D.C. No. 1:12-CV-01419-CMA)
(D. Colo.)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

　　　Petitioner and appellant, Yoobang Kim, a state prisoner proceeding *pro se*,

seeks a certificate of appealability ("COA") to enable him to appeal the denial of

his 28 U.S.C. § 2254 petition for a writ of habeas corpus. For the following

reasons, we deny Mr. Kim a COA and dismiss this matter.

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# BACKGROUND

Mr. Kim was convicted by a jury of first degree assault, second degree assault, child abuse resulting in serious bodily injury, and two counts of committing a crime of violence. He was sentenced to a total of seventy years.[1] The Colorado Court of Appeals affirmed the judgment of conviction on direct appeal, People v. Kim, No. 04CA2508 (Colo. App. June 25, 2009) (unpublished), and the Colorado Supreme Court denied certiorari. Mr. Kim then filed a motion for sentence reconsideration under Colo. R. Crim. P. 35(b), which was denied. He subsequently filed a motion for post-conviction relief under Colo. R. Crim. P. 35(c), which was denied as successive. The Colorado Court of Appeals affirmed.

---

[1]As stated in the unpublished state decision affirming his conviction on direct appeal, the facts surrounding Mr. Kim's conviction are as follows:

> In July 2002, defendant attacked his girlfriend (the victim) with a golf club and metal pipe after returning from drinks at a local bar. The victim's daughter woke up when she heard them arguing, attempted to call the police, and was struck by defendant. The victim's son then woke up, started screaming, and was likewise struck in the head by defendant. After the victim was beaten unconscious, defendant fled the apartment. The victim and her children were taken to the hospital, where the victim remained for two weeks due to severe head and facial injuries, including multiple fractures and the loss of an eye. When defendant was arrested the next day, he admitted striking the victim and her children and told police the victim's flirtatious behavior at the bar had enraged him.

Order at 2; R. Vol. 1 at 233 (quoting People v. Kim, No. 04CA2508, slip op. at 1 (Colo. App. June 25, 2009) (unpublished)).

People v. Kim, No. 11CA1972 (Colo. App. Feb. 16, 2012) (unpublished).

Mr. Kim did not seek certiorari review.

Mr. Kim filed the instant petition on May 29, 2012, asserting three claims, all relating to his right to counsel. His first claim is that he was denied substitute counsel, in violation of his Sixth Amendment rights. In his second claim he says he did not knowingly, voluntarily and intelligently waive his right to counsel, in violation of his Sixth and Fourteenth Amendment rights. Mr. Kim's third claim was that he was denied due process when he was not allowed to revoke his waiver of counsel.

The district court quoted the lengthy description of the factual background to Mr. Kim's three claims, as set forth in the Colorado Court of Appeals' decision. We excerpt parts of it, as follows:

> Initially, the public defender represented defendant, but later alternate defense counsel ("ADC") represented him after the public defender withdrew due to a conflict not at issue here. In March 2004, defendant filed several pro se motions alleging ADC did not know the Korean language or customs; did not spend a reasonable amount of time on his case; was lazy; . . . and voiced concerns regarding the likelihood of success at trial. Consequently, defendant requested removal of ADC and new representation.

> In April 2004, defendant reiterated his complaints at a hearing before the trial court denied his motion. The trial court stated it would not allow ADC to withdraw . . . explained ADC was conflict-free and competent . . . . The trial court then explicitly asked defendant if he wanted to have any attorney during the trial, to which defendant replied, through his interpreter, that he was "going to represent himself."

-3-

After defendant stated his desire to represent himself, the court told him [of his right to represent himself but informed him that there were many pitfalls and dangers of doing so] that the process was far from simple and the chance for mistakes was great, that he faced forty-eight years incarceration from one count alone and upwards of one hundred years if convicted on all counts . . . .

At the hearing a week later, which occurred less than three days before trial was scheduled to begin, defendant again stated that he wished to represent himself . . . . The trial court then reconfirmed defendant wanted to allow ADC to withdraw as his attorney, and defendant unequivocally stated he did. The court asked if he would like advisory counsel, in which capacity the prosecutor suggested ADC could act, to which defendant replied, "I know it's very good for me to have advisory attorney with me but I hope I can get another attorney." The trial court then . . . continued trial until August 2004.

In May 2004, when defendant was proceeding pro se, he again reiterated to the court ADC's shortcomings, nearly all of which regarded trial strategy, and asked the court what reasons would be sufficient to have ADC removed for cause. . . . In August 2004, shortly before trial, defendant . . . again reiterated ADC's deficiencies . . . requested another continuance, which the trial court denied.

Order at 3-4; R. Vol 1 at 234-35. As indicated, Mr. Kim ultimately represented himself at trial, with ADC assisting him, and he was convicted by the jury of the counts stated above.

The district court denied Mr. Kim's habeas petition, concluding that the Colorado Court of Appeals' decision was not contrary to or an unreasonable application of Supreme Court precedent under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The court also denied Mr. Kim's request for COA. This request for a COA followed.

-4-

## DISCUSSION

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [application ] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In evaluating whether Mr. Kim has carried his burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. Miller-El, 537 U.S. at 338.

Furthermore, where, as in this case, the state court addressed the merits of a petitioner's claims, AEDPA provides the applicable standard of review. Its "deferential treatment of state court decisions must be incorporated into our consideration of a . . . petitioner's request for a COA." Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). Under AEDPA, habeas relief is available only if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in

-5-

light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1). "This highly deferential standard for evaluating state-court rulings demands that state-court decisions be given the benefit of the doubt." Hooks v. Workman, 689 F.3d 1148, 1163 (10th Cir. 2012) (further quotations omitted); see Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). Additionally, we presume under AEDPA that the state court's determination of a factual issue is correct; the applicant or petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Hooks, 689 F.3d at 1163.

The district court's 20-page decision applied this deferential standard to the Colorado Court of Appeals' decision. The district court's decision was detailed and thorough. We cannot improve on it, and we therefore deny Mr. Kim a COA for substantially the reasons stated in the district court's decision.

## CONCLUSION

For the foregoing reasons, we DENY a COA and DISMISS this matter. We DENY Mr. Kim's motion to proceed *in forma pauperis* in this appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-6-